UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JOSEPH DONELSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civ. Action No. 14-0693 (ABJ) |
| U.S. BUREAU OF PRISONS *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## MEMORANDUM OPINION

Plaintiff Joseph Donelson is a federal prisoner proceeding *pro se*. He contends that his incarceration is unlawful because it is based on a "forged" Judgment and Commitment Order ("J&C") that was unlawfully executed by the defendants, namely, the United States Marshals Service ("USMS") and the Bureau of Prisons ("BOP"). Invoking the Privacy Act, among other statutes, plaintiff seeks the "amendment & correction of [] records" allegedly maintained by both defendants. Compl. at 2-3.

Defendants move to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Mot. to Dismiss Pl.'s Compl., ECF No. 10. Plaintiff has filed an opposition, ECF No. 12, and defendants have replied, ECF No. 13. Upon consideration of the parties' submissions, the motion will be granted and this case dismissed.

**I.  BACKGROUND**

Plaintiff is serving a prison sentence of 240 months imposed by the United States District Court for the Northern District of Illinois in 2008 as a result of his conviction for bank robbery.

1

*Donelson v. Loretto*, 566 Fed. Appx. 111 (3d Cir. ) (per curiam), *cert. denied sub nom. Donelson v. Kirby*, 135 S. Ct. 287 (2014).   Currently confined at the Federal Correctional Center in Loretto, Pennsylvania, plaintiff has unsuccessfully pursued habeas relief in the sentencing court and in the Western District of Pennsylvania.   *See id*. at 111-12.

The allegations in the instant complaint are difficult to follow but they are the same as those underlying the claims presented in the habeas proceedings in Pennsylvania, *i.e.*, that plaintiff is being "unlawfully detained because the United States Marshal did not sign and file the return portion of his criminal judgment upon his commitment as required by 18 U.S.C. § 3621(c)."[1]   *Id*. at 112; *cf. with* Compl. at 2 (alleging, *inter alia*, that the USMS "refuse[d] to obey a Court Mandate to commit[] Plaintiff to the [BOP], . . . and [to] execute the Court's [J&C] and return same an original Certified [J&C] . . . back to the clerk of court").   Plaintiff alleges also that he was "placed . . . in the hands of [a warden] who without any delegation of authority from the District Court of the U.S.M.S. Director . . . forged his signatures (printed and signed), in the return execution section of the Judgment, and filled in false information . . . to fabricate legal justification to receive & detain Plaintiff in the [BOP's] custody in violation of the Constitution and laws [of the] United States."   Compl. at 2.

The Western District of Pennsylvania denied plaintiff's two habeas petitions filed under 28 U.S.C. § 2241 for lack of jurisdiction upon determining that the claim should have been brought via a motion to vacate under 28 U.S.C. § 2255, which plaintiff had already pursued without

---

[1]   The statute states: "When a prisoner, pursuant to a court order, is placed in the custody of a person in charge of a penal or correctional facility, a copy of the order shall be delivered to such person as evidence of this authority to hold the prisoner, *and the original order, with the return endorsed thereon, shall be returned to the court that issued it*."   18 U.S.C. § 3621(c) (emphasis supplied).

success.  *See Donelson*, 566 Fed.Appx. at 112.   In its opinion filed on May 7, 2014, affirming the district court's decision, the Third Circuit Court of Appeals found that even if § 2241 was a proper vehicle for plaintiff's claim, he had abused the writ because he had "raised the same claim in his earlier § 2241 proceeding" but had failed to seek further review by objecting to the magistrate judge's report that "did not discuss the claim" and then moving for reconsideration "and/or [] appeal[ing]."  *Id.*

Meanwhile, in April 2014, plaintiff filed this civil action seeking relief under the Privacy Act, the Administrative Procedure Act, and the Declaratory Judgment Act.[2]  *See* Compl. at 1.

## II.  LEGAL STANDARD

In evaluating a motion to dismiss under Rule 12(b)(6), the court must "treat the complaint's factual allegations as true . . .  and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.' "  *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000), quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) (citations omitted). Nevertheless, the court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the court accept plaintiff's legal conclusions.  *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002); *see Warren v. District of Columbia*, 353 F.3d 36, 39-40 (D.C. Cir. 2004) (differentiating unacceptable conclusions of law from acceptable conclusions of fact).

---

[2]  Since the Privacy Act's "comprehensive . . . scheme" provides a remedy for claims arising from an agency's maintenance of records, *Wilson v. Libby*, 535 F.3d 697, 710 (D.C. Cir. 2008), the Court hereby dismisses the APA claim and the claim for relief under the Declaratory Judgment Act predicated on the same alleged wrongful acts or omissions.  *See Chung v. U.S. Dep't of Justice*, 333 F.3d 273, 274 (D.C. Cir. 2003) (affirming dismissal of "constitutional claims because . . . they are encompassed within the remedial scheme of the Privacy Act").

"To survive a [Rule 12(b)((6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face . . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . .") (citations omitted). While "[a] pro se complaint . . . must be held to less stringent standards than formal pleadings drafted by lawyers . . . even a pro se complaint must plead factual matter that permits the court to infer more than the mere possibility of misconduct." *Atherton v. District of Columbia Off. of Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (internal quotations marks and citations omitted).

In ruling on a Rule 12(b)(6) motion to dismiss, the court "may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint[,] and matters of which . . . judicial notice" may be taken. *EEOC v. St. Francis Xavier Parochial School*, 117 F.3d 621, 624 (D.C. Cir. 1997). The court may take judicial notice of another court's proceedings. *See Jenson v. Huerta*, 828 F. Supp. 2d 174, 179 (D.D.C. 2011), quoting *Lewis v. Drug Enforcement Admin.*, 777 F.Supp.2d 151, 159 (D.D.C. 2011) ("The court may take judicial notice of public records from other court proceedings."); *Akers v. Watts*, 589 F. Supp. 2d 12, 15 (D.D.C. 2008) (taking "judicial notice of the records of this Court and of other federal courts") (citations omitted). In construing *pro se* filings liberally, and absent any indication of prejudice to the defendant, the court should read "all of the plaintiff's filings together[.]" *Richardson v. U.S.*, 193 F.3d 545, 548 (D.C. Cir. 1999).

4

**III. ANALYSIS**

Plaintiff alleges that he "requested to both the U.S.M.S. and the U.S.B.O.P. for amendment & correction of their records to verify whether the facts above [pertaining to the alleged forgery and unlawful execution of the J&C] is (sic) correct or not . . . ." Compl. at 2. Although plaintiff purports to seek the amendment of "records," the J&C is the only document he has identified as needing correction. Defendants move for dismissal on the grounds of *res judicata*, failure to state a claim, statute of limitations, and failure to exhaust administrative remedies.

A. *Res Judicata*

Defendants argue first that *res judicata* applies. *See* Defs.' Mem. of P. & A. at 8. "Under the doctrine of *res judicata*, a claim previously adjudicated on the merits by a court of competent jurisdiction is foreclosed from being relitigated in a new action." *Duma v. JPMorgan Chase*, 828 F. Supp. 2d 83, 86 (D.D.C. 2011) *aff'd sub nom. Duma v. JPMorgan Chase & Co.*, No. 11-7147, 2012 WL 1450548 (D.C. Cir. Apr. 20, 2012). "Specifically, 'a subsequent lawsuit will be barred if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction.' " *Id.*, quoting *Smalls v. U.S.*, 471 F.3d 186, 192 (D.C. Cir. 2006).

Defendants have not supported this defense by citing a case (out of the several that plaintiff has filed) where the instant claim has been adjudicated on the merits. *See* Defs.' Mem. at 8 (concluding only that "several Federal Courts" have dismissed "identical Privacy Act and related constitutional claims against the same defendant"). " 'The burden is on the party asserting preclusion to show actual decision of the specific issues involved,' " *Gates v. District of Columbia*, --- F. Supp. 2d ---, 2014 WL 7330945, at *4 (D.D.C. Aug. 29, 2014), quoting *Major v. Inner*

5

*City Prop. Mgmt., Inc.*, 653 A.2d 379, 382 (D.C. 1995), and it "is not this court's role to sift through" the record (or the reporters) to identify a case that might satisfy the foregoing requirements, *Akers v. Liberty Mut. Group*, 744 F. Supp. 2d 92, 98 (D.D.C. 2010).  Hence, the motion to dismiss on *res judicata* grounds is denied.

B.      Failure to State a Claim

Defendants argue next that plaintiff cannot "sustain his suit" essentially because the record he seeks to amend is maintained in a system of records that has been exempted from the Privacy Act's accuracy and amendment requirements.[3]  *See* Defs.' Mem. of P. & A. at 8-11.  They are correct.  As the Court of Appeals has explained with regard to BOP records:

> Privacy Act § 552a(e)(5) requires agencies to ensure that any records used in "making any determination about any individual" are "maintain[ed] . . . with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination." . . . Section 552a(d) requires agencies to entertain requests for amendment of records that are not "accurate, relevant, timely, or complete."  . . .  If an agency rejects a request for amendment, the subject of the contested record can bring suit in federal court and obtain de novo consideration of whether amendment is warranted. . . .  If the court so finds, it "may order the agency to amend the individual's record." . . .
>
> But the Privacy Act also permits agencies to exempt certain of their systems of records from many of the obligations it imposes. 5 U.S.C. § 552a(j). In 1976, BOP exempted its Inmate Central Records System from § 552a(d)'s amendment provision. . . . *See* 28 C.F.R. § 1.97(a) . . . . As the district court found, as our precedents make clear, and as amicus acknowledged at oral argument, that exemption prevents us from ordering the amendment of an inmate's records.

---

[3]     Defendants reasonably question whether plaintiff is really seeking to correct "erroneous information" in a record or is focused "on something less than a clerical error that he has seized upon . . . to fuel a myopic hurricane of litigation."  Defs.' Mem. of P. & A. at 10-11.  For the purposes of resolving this matter, the Court, as have the defendants, accepts that plaintiff is seeking to correct an agency record.

*Skinner v. U.S. Dep't of Justice & Bureau of Prisons*, 584 F.3d 1093, 1096 (D.C. Cir. 2009) (citations omitted); *see accord Lane v. Fed. Bureau of Prisons*, 442 Fed. Appx. 578 (D.C. Cir. 2011), citing *Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006) (per curiam); *White v. United States Probation Office*, 148 F.3d 1124, 1125 (D.C. Cir. 1998) (per curiam)).

Similarly, although not argued by the defendants, the USMS also has properly exempted from the Privacy Act's accuracy and amendment requirements its filing systems containing "arrest, detention, and transportation" records. *Sieverding v. U.S. Dep't of Justice*, 693 F. Supp. 2d 93, 103 (D.D.C. 2010); *see id*. at 103-04 (finding no claim stated "as the allegedly inaccurate documents [including arrest warrants, a detainer form, a commitment form, a prisoner transportation form, a custody and detention report] are all kept in systems of records that have been exempted from the Privacy Act's maintenance requirements: the Warrant Information System . . ., the Prisoner Processing and Population Management System . . ., and the Prisoner Transportation System . . . .) (citing 28 C.F.R. § 16.101(a)(1), (q)(1), (o)(1)) (other citations omitted).[4]  Hence, as with BOP's records, the Court cannot order the amendment of the J&C even if it is contained in the USMS's filing system.[5]

---

[4]    Defendants also argue that plaintiff is not entitled to monetary damages under the Privacy Act.  *See* Defs.' Mem. of P. & A. at 10-11.  Notwithstanding that the complaint contains no demand for damages, the Court, for the sake of completeness, agrees that plaintiff cannot recover damages due to the exempting regulations.  *See Conklin v. U.S. Bureau of Prisons*, 514 F. Supp. 2d 1, 6 (D.D.C. 2007) (explaining that the regulations exempting filing systems from § 552a(e)(5) "effectively" bar a plaintiff "from obtaining any remedy, including damages, under subsection (g), for the [agency's] alleged failure to maintain records pertaining to him with the mandated level of accuracy") (citing cases).

[5]    Since plaintiff has stated no claim for relief under the Privacy Act, the Court need not address the defenses of whether this case is barred under the Act's two-year statute of limitations or is subject to dismissal for failure to exhaust administrative remedies; nor could the Court resolve those contested questions without a factually developed record.  *See* Defs.' Reply at 2 (asserting

Finally, plaintiff seeks to compel defendants to verify "the fact[]" that the execution of the J&C was in violation of 18 U.S.C. § 3621(c).  Compl. at 2.  To the extent that the Privacy Act applies, the exemption of the applicable filing systems from the accuracy provisions "suggests [that] the BOP [and the USMS] 'ha[ve] no duty to act on [plaintiff's] challenge and verify his record until the agency uses the record in making a determination affecting his rights, benefits, entitlements or opportunities.' "  *Elliott v. Fed. Bureau of Prisons*, 521 F. Supp. 2d 41, 55 (D.D.C. 2007), quoting *Deters v. U.S. Parole Comm'n*, 85 F.3d 655, 660 (D.C. Cir. 1996).  The only plausible determination at issue here is plaintiff's initial incarceration caused not by the named defendants but by the sentencing court's J&C.  As plaintiff should know from the litigation history set forth in the complaint, any mishap with the execution of the J&C that might suggest that his custody is unconstitutional or in violation of federal law is the province of habeas.  The fact that plaintiff has obtained no relief through that channel does not give rise to a claim through some other channel.  *See, e.g., Charles v. Chandler*, 180 F.3d 753, 757-58 (6th Cir. 1999)  ("Simply because a sentencing court has already denied relief to the petitioner under § 2255 does not render his remedy under § 2255 inadequate or ineffective" to open the door for habeas review under 28 U.S.C. § 2241); *Wilson v. Libby*, 535 F.3d 697, 705-06 (D.C. Cir. 2008) (discussing the courts' general inability to create new remedies simply because the available remedy Congress has enacted fails to provide complete relief or any relief at all).

---

claim accrual date as January 25, 2012 and claim expiration date as January 25, 2014); *but see* Compl. at 1 ("Plaintiff has exhausted the applicable Adm. Remedies" via letters dated in January 2014); *cf. Smith-Haynie v. District of Columbia*, 155 F.3d 575, 578 (D.C. Cir. 1998) (statute of limitations defense may be raised in a Rule 12(b) motion and decided only "when the facts that give rise to the defense are clear from the face of the complaint"); *see Chung*, 333 F.3d at 274 (Privacy Act's two-year statute of limitations is subject to equitable tolling).

## IV. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is granted. A separate order accompanies this Memorandum Opinion.

/s/ Amy B. Jackson

AMY BERMAN JACKSON
United States District Judge

Date: March 9, 2015